**Jacob Johnstun, OSB No. 162146,** jjohnstun@johnstuninjurylaw.com
JOHNSTUN INJURY LAW LLC
1935 St. Helens Street, Suite A
St. Helens, Oregon 97051
Telephone:     (503) 410-3572
Facsimile:     (503) 389-1548
*Attorney for Plaintiff Jennifer Gayman*

### UNITED STATED DISTRICT COURT
### DISTRICT OF OREGON
### MEDFORD DIVISION

| | |
|---|---|
| JENNIFER GAYMAN, | Case No.:  1:20-cv-440-CL |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | Civil Rights Violations; 4th/14th Amendment Detainment and Arrest without Probable Cause; Discrimination Against Persons with Disabilities; Assault; Battery; Intentional Infliction of Emotional Distress; False Arrest; and Malicious Prosecution. |
| CITY OF BROOKINGS; BROOKINGS POLICE DEPARTMENT; BROOKINGS POLICE CHIEF KELBY MCCRAE; OFFICER RAY MARRINGTON; OFFICER BRYAN BROSE; OFFICER TOBIAS CHITTOCK; OFFICER MITCHELL POFAHL; AND EVERETT DIAL, | 42 U.S.C. § 1983 and ORS 30.265 |
| | JURY TRIAL REQUESTED |
| Defendants. | |

Plaintiff, Jennifer Gayman, now and through her attorney of record, Jacob Johnstun,

hereby alleges as follows:

### INTRODUCTORY STATEMENT

1.

This is a case about a disabled woman on her mobility scooter who just wanted to get

home.  Plaintiff has been diagnosed with Best's disease with macular degeneration of both eyes,

Chronic Obstructive Pulmonary Disease, asthma, lumbar degeneration causing lower back pain

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

and symptoms, and peripheral neuropathy.  Plaintiff had just come from a night out with her

friends doing karaoke at a little past midnight.  The temperature was cold, between 30 and 35

degrees.  Plaintiff proceeded to drive her mobility scooter the one to two miles home when she

was stopped by two City of Brookings police officers.  They explained they had stopped her for

three reasons.  First, they saw her drive her mobility scooter on the sidewalk.  Second, they saw

her drive her mobility scooter in a crosswalk, and claimed that the law required her to "walk" her

mobility scooter in a crosswalk.  Third, they claimed she was required to wear a helmet or

protective headgear while operating a mobility scooter.

    Plaintiff was justifiably outraged.  She asked if she could leave.  Officers told her she

could not, she was being detained.  Plaintiff attempted, without success, to explain to the officers

she was disabled, her mobility scooter was prescribed to her by her doctor, and she was legally

entitled to go anywhere on it that was open for pedestrian use pursuant to the Americans with

Disabilities Act.  Officers expressed skepticism and doubt over Plaintiff's legitimate disability.

This was enough to cause some hesitation in the officers, though, because for the next fifteen to

twenty minutes, the officers searched for applicable laws via Google on their cell phones.

Plaintiff expressed to them that she was cold and needed to get home many times.  Yet, because

officers felt Plaintiff was not respecting their authority, they intentionally prolonged the process

to discomfort Plaintiff.

    When officers finally cited Plaintiff for the illusory and non-existent violations, they

instructed her that she could not drive her mobility scooter home because she was not wearing a

helmet.  They said Plaintiff had to leave her mobility scooter there.  Officers did not offer to give

Plaintiff a ride home, despite her disability, and her home being one to two miles away.  This

order from the officers was effectively an order for Plaintiff to walk home, something they

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

should have known she could not do, or at the very least, not without monumental difficulty. Faced with the choice of exercising her rights to drive home, and face unlawful retaliation by the officers, or attempt to walk home in freezing temperatures, Plaintiff chose to exercise her lawful right and drive home.

In a brazen and clumsy display of authority, officers pursued Plaintiff on her mobility scooter at approximately 15 miles per hour for the next several minutes, called for backup, and turned on full lights and sirens. This pathetic and low-speed chase ended at Plaintiff's home, where several officers took hold of and arrested Plaintiff. Plaintiff spent the night in jail. Not long after, Plaintiff was diagnosed with bronchitis caused by exposure inflicted by the officers.

Notwithstanding ample opportunity to review the unlawful actions of its officers, and refresh itself on the Americans with Disabilities Act, Curry County District Attorney Everett Dial continued to prosecute Plaintiff. In fact, the district attorney's office was somehow successful in persuading eleven out of twelve jurors to convict Plaintiff of the felony "Fleeing From A Police Officer." Plaintiff was forced to wrongfully serve 5 days in jail, and labeled publicly as a felon. She was sentenced to serve 18 months of probation and had her driver's license suspended. Fortunately, the Oregon Court of Appeals had the wisdom to overturn Plaintiff's conviction.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over Plaintiff's claims of violations of Federal Constitutional Rights under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper under 28 U.S.C. § 1391(b), in that one or more of Defendants reside in the District of Oregon and Plaintiff Gayman's claims for relief

Page 3 – PLAINTIFF'S FIRST AMENDED COMPLAINT

arose out of this district.

4.

This Court has supplemental jurisdiction over Plaintiff Gayman's pendent state law

claims under 28 U.S.C. § 1367.

**PARTIES**

5.

Plaintiff Jennifer Gayman (Plaintiff Gayman) at all relevant times resided in Brookings,

Curry County, Oregon.

6.

Defendant City of Brookings (hereinafter, "City") is a municipality of the State of

Oregon and is a person for the purposes of 42 U.S.C. § 1983.

7.

Defendant Brookings Police Department (hereinafter, "Department") is a municipality of

the State of Oregon and is a person for the purposes of 42 U.S.C. § 1983.

8.

Defendants Officer Ray Marrington (hereinafter, "Officer Marrington"), Officer Bryan

Brose (hereinafter, "Officer Brose"), Officer Tobias Chittock (hereinafter, "Officer Chittock"),

and Officer Mitch Pofahl (hereinafter collectively, "Officers") are believed to be officers and/or

employees of the Brookings Police Department and are being sued in their individual capacities.

At all material times, Officers were acting under the color of law.

9.

Defendant Brookings Police Chief Kelby McCrae (hereinafter, "Chief McCrae") is

believed to be an officer and/or employee of the Brookings Police Department and is being sued

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

in his official capacity.  At all material times, Chief McCrae was acting under the color of law.

10.

Defendant Everett Dial has at all relevant times been the Curry County District Attorney, and is being sued in his individual and official capacities.  At all material times, Everett Dial was acting under the color of law.

**MONELL ALLEGATIONS**

11.

Based upon the principles set for in *Monell v. New York City Department of Social Services,* 436 U.S. 658 (1978), City and Department are liable for all injuries sustained by Plaintiff Gayman as set forth herein.  City and Department bear liability because their policies, practices and/or customs, or lack thereof, caused Plaintiff Gayman's injuries and violated her civil rights.  City and Department have an ongoing pattern of failing to properly educate and train their officers, staff, agents and/or employees on ADA-related rights, laws and protections, including but not limited to the regulations and public accommodations of wheelchairs, mobility aids and other power-driven mobility devices (hereinafter, "OPDMD," as defined by ADA), leading to the illegal discrimination, harassment, arrest and prosecution of disabled persons.

**FACTS**

12.

Plaintiff Gayman suffers from multiple disabilities, including but not limited to Best's disease with macular degeneration of both eyes, Chronic Obstructive Pulmonary Disease (COPD), asthma, lumbar degeneration causing lower back pain and symptoms and peripheral neuropathy.  As a result of Plaintiff Gayman's disabilities, she is unable to obtain a valid motor vehicle driver's license but can legally and medically drive a mobility scooter.  On August 9,

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

2012, Plaintiff Gayman was prescribed a mobility device by her physician to assist with her limited mobility functions and has been reliant upon it for transportation ever since.

13.

Plaintiff Gayman has been a resident of Brookings for multiple years and attests that she has always used her mobility scooter around town for shopping, running errands and general transportation.  Plaintiff Gayman contends that, prior to November 18, 2018, she never used, or was advised to use, a helmet or other protective head gear while riding her scooter by City, Department, Officers or any other employees, officers or agents of Defendants or by any medical provider.

14.

Up and until the night of the incident, Plaintiff had never been cited while using her mobility scooter for any reason.

15.

On March 15, 2011, the Department of Justice implemented new ADA requirements under Titles II and III revisions, which provides clarification of the rules and requirements concerning wheelchairs, mobility aids, and OPDMD.  Within this section, "covered entities" (such as government municipalities like City and Department) must provide accommodations for people with disabilities who require the assistance of a mobility aid or device.  Under these sections, *certain local rules and laws do not apply to persons with disabilities while they are utilizing their mobility devices*, such as the requirement of the use of a helmet or other protective head gear while using a scooter, under ORS § 814.534 (emphasis added).  Additionally, *covered entities are encouraged to adapt or create their own ADA-mobility laws or rules based upon their specific safety needs or requirements* which cannot be based on speculation or stereotype

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

and must be for legitimate safety concerns (emphasis added).

16.

On November 18, 2018, Plaintiff Gayman drove her mobility scooter into town to do karaoke with some friends.  Plaintiff Gayman did not consume any alcohol that evening.  At around midnight on the morning of November 19, 2018, Plaintiff Gayman began driving her mobility scooter home.  The temperature was anywhere from between 30 to 35 degrees and Plaintiff Gayman was anxious to get home where it was warm.  There were no other vehicles or pedestrians in the immediate area and traffic was extremely light.

17.

While on her way home, approximately one to two miles away from her home in Brookings, Oregon, Plaintiff Gayman was stopped by Officer Marrington and Officer John Doe #1.  Officers proceeded to advise Plaintiff Gayman that she was being pulled over for operating her scooter on a sidewalk and within a crosswalk, and for not wearing a safety helmet.  At the time, no vehicles or other pedestrians were present in or near the crosswalk or in the immediate surrounding area.

18.

Plaintiff Gayman argued the legality of the stop and educated Officers on her legal right to operate her mobility scooter within all areas accessible to pedestrians, including a crosswalk and on sidewalks, and that she was not required to wear a safety helmet.  Officer Marrington denied that Plaintiff Gayman's mobility scooter qualified as a mobility device or that it was covered by the ADA.

19.

Plaintiff Gayman became justifiably frustrated by the situation and stated that she was

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

going to leave.  Officers advised that she was not free to leave, in violation of her 4th and 14th

Amendment Rights, that she was being detained during a traffic stop and that she was required to

remain at the scene.  Plaintiff Gayman argued and quoted her civil rights, but ultimately

remained at the scene and followed all directions provided by Officers.

20.

Officer John Doe #1 explained to Plaintiff Gayman that the law "was actually looked up

before" and that she was not permitted to ride her scooter through the crosswalk or on the

sidewalk.  Plaintiff Gayman was shocked at Officers' ignorance of the law and asked if elderly

people on mobility scooters were acting legally while using their mobility devices in crosswalks,

to which Officer Marrington responded, "Nope, not according to the Oregon Department of

Transportation."

21.

As Officer John Doe #1 ran a background check, Officer Marrington continued arguing

with Plaintiff Gayman about her disability rights.  During the conversation, Officer Marrington

questioned the legitimacy of her disability status and asked whether she was considered legally

blind, in violation of the ADA.

22.

Over the course of the next 15-20 minutes, Officers Marrington and John Doe #1 argued

with Plaintiff Gayman over state mobility laws while she sat shivering in the cold.  On multiple

occasions, Plaintiff Gayman said she was freezing and that she just wanted to go home.  Officers

refused to allow Plaintiff Gayman to leave.  The officers then went to the back of their vehicle

where they used their cell phones to search for various Oregon state laws to cite Plaintiff

Gayman with while illegally detaining her without probable cause.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

23.

After more than 20 minutes, Officer Marrington issued Plaintiff Gayman citations of 1) Operation of a Motor Electric Scooter in a Crosswalk, 2) Unsafe Operation of a Motor Assisted Scooter, and 3) Failure to Wear Protective Headgear.  While he read Plaintiff Gayman the charges, he deliberately prolonged the interaction, notwithstanding that Plaintiff Gayman had voiced several times that she was very cold.

24.

Plaintiff Gayman unhappily accepted the citations.  Officers advised her that she could not continue using her mobility scooter because she did not possess a helmet or protective headgear.  Officers did not offer to give Plaintiff Gayman a ride home, thereby effectively instructing her to walk one to two miles home, despite their knowledge that Plaintiff Gayman is disabled.

25.

Plaintiff Gayman repeated that she did not have another way to get home and that she could not leave her property overnight.

26.

Officers warned Plaintiff Gayman that she would be arrested if she drove her mobility scooter home, in clear violation of the ADA.  Plaintiff was then faced with the choice of walking one to two miles home in the freezing cold, which she doubted she could do, or continue to use her mobility scooter, ***as was her legal right***, but face unlawful retribution for it from the Officers.

27.

Plaintiff Gayman knew she had acted within her protected rights.  She had done nothing

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

wrong.  She chose to exercise her rights, continue to drive home, and face unlawful retribution rather than be stranded with limited mobility in freezing temperatures.

28.

Officers pursued Plaintiff Gayman home while traveling approximately 15 miles per hour for the next several minutes, all the while displaying emergency lights and sirens.  Officers radioed for backup and reported to other officers that Plaintiff Gayman was eluding.

29.

As Plaintiff Gayman arrived home and entered her garage, Officers Marrington, Brose, Chittock, and Pofahl surrounded, restrained and ultimately arrested her.  Officers illegally searched and seized Plaintiff Gayman's personal property and person in violation of her civil rights as her neighbors, friends and family members watched on, causing her severe public humiliation, shame, and embarrassment.

30.

As Plaintiff Gayman was being illegally detained, she verbally requested Officers to "stop pushing" her, to which Officers responded, "No."  Officers instead deliberately handled her roughly, despite her consistent outcries and protests that they were hurting her.

31.

Upon arrival at Brookings jail, Officers and Department continued to deny Plaintiff reasonable accommodations, including but not limited to lack of seating and lack of access to heat to limit her risk of exposure.  As a result of Officers blatant disregard for ADA required accommodations, Plaintiff Gayman was unable to sit, continued to be subjected to the cold, and suffered additional physical pain related to her disabilities.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

32.

When Plaintiff Gayman was released the next morning, Officers had cited two additional

violations:

1)  Fleeing or attempting to elude a police officer (violation of ORS § 811.540); and

2)  Interfering with a peace, parole or probation officer (violation of ORS § 162.247).

33.

Following the incident, Plaintiff Gayman became ill as a result of her exposure to the

elements during her initial traffic stop, arrest and incarceration and her chronic medical issues.

On November 26, 2018, Plaintiff Gayman was diagnosed and treated for bronchitis.

34.

After her illegal arrest and incarceration, Plaintiff Gayman suffered mental, emotional

and physical pain as a result of Defendants' actions and omissions.

35.

As a result of Defendants' actions, Plaintiff Gayman now suffers anxiety and fear of

police officers and persons of authority.

36.

Despite that a basic reading of Oregon statutes makes abundantly clear that Plaintiff

Gayman's mobility scooter does not qualify as a "motor vehicle," and even the most basic

understanding of the Americans with Disability Act shows the Officers to be in error, District

Attorney Everett Dial nevertheless chose to zealously prosecute Plaintiff Gayman for "Fleeing

From A Police Officer."

37.

Due to District Attorney Dial and his office's zealous, deceptive, and wrongful

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

prosecution, he and his office were successful in obtaining a guilty verdict, thus subjecting

Plaintiff Gayman to the label of "felon" and 5 days of jail time.  Furthermore, Plaintiff Gayman's

driver's license was suspended for 90 days, and she was ordered to serve 18 months of

supervised probation, causing her profound stress and mental anguish.

**FIRST CLAIM FOR RELIEF: Detainment and Arrest without Probable Cause**
**4th and 14th Amendment Violations**

**(Against Defendants City of Brookings, Brookings Police Department, Brookings Police Chief Kelby McCrae, Officer Ray Marrington, Officer Bryan Brose, Officer Tobias Chittock, and Officer Mitchell Pofahl)**

38.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 37.

39.

Plaintiff Gayman was entitled to be free from unlawful seizure and confinement of her

person, pursuant to the parameters set by the 4th and 14th Amendments to the United States

Constitution.

40.

The acts and omissions of Officers in pulling over, detaining, citing, pursuing and

arresting Plaintiff Gayman, when no evidence of a crime was present, violated her protected

rights as a United States citizen against unlawful search and seizure of her person without

probable cause, were objectively unreasonable based on the totality of the circumstances,

amounted to deliberate indifference to Plaintiff Gayman's protected rights, and deprived Plaintiff

Gayman of her right to due process.  Officers violated the requirements of the 4th and 14th

Amendments by:

    a)  Stopping, detaining, and interrogating Plaintiff without probable cause and without

        reasonable suspicion that a crime had been committed;

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

b)  Ordering Plaintiff to remove herself from her disability scooter and walk home;

c)  Ordering Plaintiff to leave her mobility scooter where it was, thus unlawfully

dispossessing her of her property;

d)  Failing to offer Plaintiff a reasonable alternative means of transportation;

e)  Pursuing Plaintiff with lights and sirens in the absence of probable cause or a

reasonable suspicion that a crime had been committed; and

f)  Placing Plaintiff Gayman under arrest without probable cause.

41.

In addition to those listed above, the further acts and omissions of Department, Chief

McCrae, and City, by and through itself or its employees, violated Plaintiff Gayman's 4th and

14th Amendment protected rights by:

a)  Failing to train or educate its employees, agents or officers on ADA-protected rights;

b)  Failing to train or educate its employees, agents or officers on ADA-approved

mobility devices;

c)  Failing to train or educate its employees, agents or officers on federal and state traffic

laws concerning ADA-approved mobility devices;

d)  Failing to possess the minimum knowledge of ADA reasonable accommodations and

rights which is required by covered entities, as defined and governed by ADA;

e)  Failing to create or implement its own policy regarding ADA-approved mobility

devices;

f)  Failing to withdraw the charges alleged against Plaintiff Gayman after reasonable

evidence was available; and

g)  Failing to discipline its employees, agents or officers after reasonable knowledge was

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

attained;

42.

Defendants' knew, or should have known, said conduct was illegal *per se*.

43.

As a result of Defendants' actions and violations of Plaintiff Gayman's Constitutional

rights, she was deprived her property, free will, liberty, rights and freedoms while detained.

44.

The actions of Defendants were recklessly indifferent and calloused toward Plaintiff

Gayman's civil rights and punitive damages should be awarded in a sum to be determined by a

jury.

**SECOND CLAIM FOR RELIEF:  Discrimination Against Persons with Disabilities**
**Americans with Disabilities Act, Title II Violations**

**(Against Defendants City of Brookings, Brookings Police Department, Brookings Police
Chief Kelby McCrae, Officer Ray Marrington, Officer Bryan Brose, Officer Tobias
Chittock, and Officer Mitchell Pofahl)**

45.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 44.

46.

Under the ADA, Plaintiff Gayman's mobility scooter falls under the definition of

"wheelchair."

47.

As a disabled person on a wheelchair, Plaintiff Gayman was entitled to venture "in any

areas open to pedestrian use."

48.

The crosswalk and sidewalk Officers observed Plaintiff

Page 14 – PLAINTIFF'S FIRST AMENDED COMPLAINT

Gayman driving on were open to pedestrian use.

49.

By detaining and subsequently arresting Plaintiff Gayman for driving in areas open to pedestrian use, Defendants discriminated against Plaintiff Gayman *because* of her disability.

50.

By failing to train its officers, agents, and employees about the requirements of the ADA, Defendants discriminated against Plaintiff Gayman *because* of her disability.

51.

By continuing the legal prosecution of Plaintiff Gayman, even after full knowledge of the Officers' misconduct and clear violation of the ADA was apparent, Defendants have reasserted their discrimination against Plaintiff Gayman *because* of her disability.

52.

The actions of Defendants were recklessly indifferent and calloused toward Plaintiff Gayman's civil rights, and punitive damages should be awarded in a sum to be determined by jury.

**THIRD CLAIM FOR RELIEF:  Assault**
**(Against Officer Defendants)**

53.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 52.

54.

On the occasions listed above, Defendants did make attempts to cause harmful or offensive physical contact, and possessed the present ability to carry such intentions into effect.

55.

Defendants' actions did create a reasonable apprehension of fear within Plaintiff

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

Gayman.

56.

As a result of Defendants' acts, Plaintiff Gayman suffered personal injuries including but not limited to pain, suffering, agitation of disability conditions, fear, intimidation, mental and emotional abuse, humiliation and public scrutiny.

## FOURTH CLAIM FOR RELIEF:  Battery
### (Against Officer Defendants)

57.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 56.

58.

On the occasions listed above, Defendants did intend to cause harmful or offensive physical contact, or cause an apprehension that harmful or offensive physical contact would occur.

59.

Defendants intentionally caused harmful or offensive physical contact to Plaintiff.

60.

As a result of Defendants' acts, Plaintiff Gayman suffered personal injuries including but not limited to pain, suffering, agitation of disability conditions, fear, intimidation, mental and emotional abuse, humiliation and public scrutiny.

## FIFTH CLAIM FOR RELIEF:  Intentional Infliction of Emotional Distress
### (Against All Defendants)

61.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 60.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

62.

Defendants intended to inflict severe mental or emotional distress, or the distress was certain or substantially certain to result from Defendants' conduct.

63.

Defendants' acts in fact caused Plaintiff severe mental or emotional distress.

64.

Defendants' acts consisted of extraordinary transgressions of the bounds of socially tolerable conduct, and exceeded any reasonable limit of social toleration.

**SIXTH CLAIM FOR RELIEF:  False Arrest**
**(Against Officer Defendants)**

65.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 64.

66.

Defendants committed the tort of false arrest by searching and seizing her person, arresting, confining and imprisoning her against her will and denying her freedoms, rights and privileges without probable cause.  The breach was the proximate cause of her damages and injuries.

67.

This false arrest is the proximate cause of Plaintiff Gayman's injuries and damages.  As a result of Defendants' acts, Plaintiff Gayman suffered personal injuries including but not limited to pain, suffering, agitation of disability conditions, fear, intimidation, mental and emotional abuse, humiliation and public scrutiny.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## SEVENTH CLAIM FOR RELIEF:  Malicious Prosecution
### (Against District Attorney Everett Dial)

68.

Plaintiff Gayman hereby realleges the facts contained therein paragraphs 1 through 67.

69.

District Attorney Dial commenced prosecution against Plaintiff Gayman with malice and without probable cause.

70.

District Attorney Dial's prosecution of Plaintiff Gayman was terminated in Plaintiff Gayman's favor due to the Oregon Court of Appeals reversing the trial court's error, which was the failure to grant Plaintiff Gayman a judgment of acquittal.

71.

Due to District Attorney Dial's malicious prosecution, Plaintiff Gayman has had her liberty and freedom deprived from her, has suffered the enormous negative stigma of being labeled a felon, and has undergone immense and profound mental and emotional anguish.

Plaintiff Gayman demands a jury trial.

WHEREFORE, Plaintiff Gayman prays for judgment against Defendants in the following:

1.  Judgment against Defendants for compensatory damages in the amount of $500,000.00;

2.  Judgment against Defendants for punitive damages in a fair and reasonable amount to be proven at trial;

Page 18 – PLAINTIFF'S FIRST AMENDED COMPLAINT

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

3.  Judgment for costs, interest, attorney fees, and disbursements incurred in this action; and

4.  For any other remedy this Court deems just and equitable.


DATED this 26th day of July, 2021.


By:  */s/ Jacob Johnstun*_____
Jacob Johnstun, OSB #162146
Email:  jjohnstun@johnstuninjurylaw.com
Telephone:  503-410-3572
Facsimile:   503-389-1548

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

CERTIFICATE OF SERVICE

I certify that, on the date indicated below, I caused a true copy of the foregoing to be

faxed to:

Thomas F. Armosino
Email:  Armosino@fdfirm.com
Molly R. Silver
Email:  Silver@fdfirm.com
Frohnmayer, Deatherage, Jamieson,
Moore, Armosino & McGovern, P.C.
2592 East Barnett Road
Medford, OR 97504
Phone:  541-772-2333
Fax:  541-779-6379


DATED this 26th day of July, 2021.


By *s/ Jacob Johnstun*
Jacob Johnstun, OSB #162146
Email:  jjohnstun@johnstuninjurylaw.com
Telephone:  503-410-3572
Facsimile:   503-389-1548

Page 1 – CERTIFICATE OF SERVICE

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548