**Jacob Johnstun, OSB No. 162146,** jjohnstun@johnstuninjurylaw.com
JOHNSTUN INJURY LAW LLC
1935 St. Helens Street, Suite A
St. Helens, Oregon 97051
Telephone:     (503) 410-3572
Facsimile:     (503) 389-1548
*Attorney for Plaintiff Jennifer Gayman*

UNITED STATED DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| JENNIFER GAYMAN, | Case No.:  1:20-cv-440-CL |
| Plaintiff, | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| CITY OF BROOKINGS; BROOKINGS POLICE DEPARTMENT; BROOKINGS POLICE CHIEF KELBY MCCRAE; OFFICER RAY MARRINGTON; OFFICER BRYAN BROSE; OFFICER TOBIAS CHITTOCK; OFFICER MITCHELL POFAHL; and EVERETT DIAL, | |
| Defendants. | |

COMES NOW Plaintiff, by and through her attorney, and proposes the following instructions be given to the jury.  The proposed jury instructions that have been amended from their original form contained within the Ninth Circuit Sample Jury Instructions have been included in their entirety.

1.3 DUTY OF JURY

1.5 CLAIMS AND DEFENSES (Amended)

1.6 BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

1.9 WHAT IS EVIDENCE

1.10 WHAT IS NOT EVIDENCE

1.12 DIRECT AND CIRCUMSTANTIAL EVIDENCE

1.13 RULING ON OBJECTIONS

1.14 CREDIBILITY OF WITNESSES

1.15 CONDUCT OF THE JURY

1.16 PUBLICITY DURING TRIAL

1.17 NO TRANSCRIPT AVAILABLE TO JURY

1.18 TAKING NOTES

1.19 QUESTIONS TO WITNESSES BY JURORS DURING TRIAL

1.20 BENCH CONFERENCES AND RECESSES

1.21 OUTLINE OF TRIAL


2.3 JUDICIAL NOTICE (Amended)

2.5 TRANSCRIPT OF RECORDING IN ENGLISH (Amended)

2.9 IMPEACHMENT EVIDENCE—WITNESS (Amended)

2.13 EXPERT OPINION

2.16 EVIDENCE IN ELECTRONIC FORMAT

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

3.1 DUTY TO DELIBERATE

3.2 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

3.3 COMMUNICATION WITH COURT

3.4 READBACK OR PLAYBACK

3.5 RETURN OF VERDICT

3.9 POST-DISCHARGE INSTRUCTION


5.1 DAMAGES—PROOF (Amended)

5.2 MEASURES OF TYPES OF DAMAGES (Amended)

5.5 PUNITIVE DAMAGES (Amended)


9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

9.2 CAUSATION (Amended)

9.3 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—
ELEMENTS AND BURDEN OF PROOF (Amended)

9.4 SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN
INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF (Amended)

9.7 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS
BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF (Amended)

9.8 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS
BASED ON A POLICY THAT FAILS TO PREVENT VIOLATIONS OF LAW OR A
POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF
(Amended)

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

9.12 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE

SEARCH—GENERALLY (amend)

9.23 PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE

SEIZURE OF PERSON—PROBABLE CAUSE ARREST (Amended)


12.1A ADA ACTIONS—ACTUAL DISABILITY—ELEMENTS (Amended)


FALSE ARREST

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**1.5 CLAIMS AND DEFENSES (Amended)**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that defendants violated her rights under the Americans with Disabilities Act, the Fourth Amendment, and that defendants committed the tort of false arrest, also known as false imprisonment. The plaintiff has the burden of proving these claims.

However, prior to today, the plaintiff filed a motion requesting this Court to find that, as a matter of law, defendant officers Ray Marrington and Tobias Chittock committed these violations.  The Court granted that portion of plaintiff's motion.  What that means is that the Court has already ruled that defendant officers Ray Marrington and Tobias Chittock violated plaintiff's rights under the Americans with Disabilities Act, the Fourth Amendment, and that they committed the tort of false arrest.  Normally, these decisions are left to the jury, except when the evidence is so clear and convincing that no reasonable juror could decide otherwise. With these decisions already being made in plaintiff's favor, all that you as the jury need to decide on the claims against defendant officers Ray Marrington and Tobias Chittock is what damages to award plaintiff.

In addition, plaintiff has alleged that defendants City of Brookings, Brookings Police Department, and Brookings Police Chief Kelby McCrae are also liable for violating her rights under the Americans with Disabilities Act, the Fourth Amendment, and that they committed the tort of false arrest.  Plaintiff has alleged that these defendants are liable because their policies, practices and/or customs, or lack thereof, caused her damages and the violation of her civil rights.  The Court has not made a decision with regard to these claims.  Therefore, it is up to you the jury to decide.  Plaintiff has the burden of proving these claims.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

Defendants City of Brookings, Brookings Police Department, and Brookings Police Chief Kelby McCrae deny plaintiff's claims.  All defendants deny and dispute the nature and extent of plaintiff's damages.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## 2.3 JUDICIAL NOTICE (Amended)

The court has decided to accept as proved the following facts.  You must accept these facts as true:

1) Plaintiff suffers from multiple disabilities, including Best's disease with macular degeneration of both eyes, Chronic Obstructive Pulmonary Disease (COPD), asthma, lumbar degeneration causing lower back pain and peripheral neuropathy.

2) On August 9, 2012, plaintiff was prescribed a mobility device by her physician to assist with her limited mobility functions and she has been reliant upon it for transportation ever since.

3) On the early morning of November 19, 2018, plaintiff had just finished singing karaoke with some friends and was driving her mobility scooter home.  She did not consume any alcohol at the bar.

4) On her way home, plaintiff was stopped by two City of Brookings police officers, Officer Tobias Chittock and Officer Ray Marrington.  The officers told her she had been pulled over for operating her scooter on a sidewalk and within a crosswalk, and for not wearing a safety helmet.

5) Plaintiff immediately began to argue the legality of the stop and attempted to explain that she was disabled and that she had a legal right under the ADA to operate her mobility scooter within all areas accessible to pedestrians, including a crosswalk and on sidewalks, and that she was not required to wear a safety helmet.

6) The officers told plaintiff that the law "was actually looked up before" they stopped her and that she was not permitted to ride her scooter through the crosswalk or on the

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

sidewalk.  Plaintiff strenuously disagreed with the officers; she again told the officers that she was disabled, and she was driving a mobility scooter.

7) To illustrate her point, she asked them if elderly people on mobility scooters were acting legally while using them in crosswalks, to which Officer Marrington responded, "Nope, not according to the Oregon Department of Transportation."

8) As Officer Chittock ran a background check on plaintiff, Officer Marrington continued arguing with her about her disability rights.  During the conversation, Officer Marrington questioned the legitimacy of her disability status and asked whether she was considered legally blind.  For over twenty minutes, the officers detained plaintiff.  On multiple occasions, plaintiff said she was freezing and that she just wanted to go home.

9) Officers issued plaintiff citations for 1) Operation of a Motor Electric Scooter in a Crosswalk, 2) Unsafe Operation of a Motor Assisted Scooter, and 3) Failure to Wear Protective Headgear.

10) Plaintiff was handed her citations.  Officer Marrington then advised her that she could not drive her mobility scooter the rest of the way home because she did not have a helmet.  The officers did not offer to give Plaintiff a ride home.  Plaintiff repeated that she did not have another way to get home and that she could not leave her property overnight.

11) Officers warned plaintiff that she would be arrested if she drove her mobility scooter home.  Plaintiff decided to drive her mobility scooter home rather than obey the officers and walk home.

12) Officers then engaged in a "slow pursuit," following plaintiff home while traveling

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

approximately 15 miles per hour for the next several minutes, all the while displaying emergency lights and sirens.  Officers radioed for backup and reported to other officers that plaintiff was eluding.

13) As plaintiff arrived home and entered her garage, Officer Marrington and Officer Chittock surrounded, restrained, and arrested her.  When plaintiff was released the next morning, officers had cited her with two additional violations: 1) Fleeing or attempting to elude a police officer (ORS § 811.540); and 2) Interfering with a peace, parole or probation officer (ORS § 162.247).

14) Plaintiff was prosecuted by the Curry County District Attorney's Office and she received a felony conviction on the charge of fleeing or attempting to elude a police officer.  Consequently, plaintiff served 5 days in jail, received 18 months of supervised probation, and had her driver's license suspended.

15) The Oregon Court of Appeals reversed plaintiff's conviction, ruling that the trial court should have granted her an acquittal.

16) Plaintiff was also tried and convicted in municipal court on the three traffic citations on January 3, 2019.  Plaintiff appealed those citations to the Circuit Court on or about November 5, 2019, but her appeal was denied.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**2.5 TRANSCRIPT OF RECORDING IN ENGLISH (Amended)**

You are about to watch a video recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the video recording to help you identify speakers and as a guide to help you listen to the video recording.  However, bear in mind that the video recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.  After the video recording has been played, the transcript will be taken from you.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**2.9 IMPEACHMENT EVIDENCE—WITNESS (Amended)**

Evidence that a witness has lied under oath, or whose testimony has been inaccurate in a material way, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## 5.1 DAMAGES—PROOF (Amended)

It is the duty of the Court to instruct you about the measure of damages. As previously explained, the Court has already determined that defendants Ray Marrington and Tobias Chittock are liable for violating the plaintiff's rights under the Americans with Disabilities Act and the Fourth Amendment, and for false arrest. It is for you to determine the plaintiff's damages.

Also as previously explained, the Court has made no determination as to the liability of the remaining defendants, City of Brookings, Brookings Police Department, and Brookings Police Chief Kelby McCrae. As to these remaining defendants, the Court does not mean to suggest for which party your verdict should be rendered by instructing you on damages. If you find for the plaintiff on any of the plaintiff's claims against City of Brookings, Brookings Police Department, and Brookings Police Chief Kelby McCrae, you must determine the plaintiff's damages.

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by a defendant. If you choose to not award the plaintiff damages against one defendant, it does not bar you from awarding the plaintiff damages against another defendant.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**5.2 MEASURES OF TYPES OF DAMAGES (Amended)**

In determining the measure of damages, you should consider:

1) The nature of the rights and civil liberties violated, if any;

2) Loss of dignity;

3) Loss of freedom; and

4) The mental, physical, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## 5.5 PUNITIVE DAMAGES (Amended)

With respect to the plaintiff's claims against defendants Ray Marrington and Tobias Chittock, you may, but are not required to, award punitive damages.  Punitive damages may not be awarded against defendants City of Brookings, Brookings Police Department, and Brookings Police Chief Kelby McCrae.

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.  The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.  An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## 9.2 CAUSATION (Amended)

**General Principles**

In a section 1983 action, the plaintiff must demonstrate that the defendant's conduct was the actionable cause of the claimed injury. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a deprivation of the plaintiff's constitutional rights.

A person deprives another of a constitutional right if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.

An officer's liability under section 1983 is predicated on his integral participation in the alleged violation. Thus, an officer could be held liable where he is just one participant in a sequence of events that gives rise to constitutional violation.

**Supervisor Liability**

A defendant may be held liable as a supervisor for a constitutional violation if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."

Supervisors may also be held liable as follows: (1) for setting in motion a series of acts by others, or knowingly refusing to terminate a series of acts by others, which they knew or reasonably should have known would cause others to inflict constitutional injury; (2) for culpable action or inaction in training, supervision, or control of subordinates; (3) for acquiescence in the constitutional deprivation by subordinates; or (4) for conduct that shows a "reckless or callous indifference to the rights of others.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**Monell Claims**

Regardless of what theory the plaintiff employs to establish municipal liability—

policy, custom, or failure to train — the plaintiff must establish an affirmative causal link

between the municipal policy or practice and the alleged constitutional violation.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**9.3 SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—**

**ELEMENTS AND BURDEN OF PROOF (Amended)**

In order to prevail on her section 1983 claim against an individual defendant, in this case being defendants Ray Marrington and Tobias Chittock, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1) the defendant acted under color of state law; and

2) the acts of the defendant deprived the plaintiff of her particular rights under the laws of the United States as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

I instruct you that defendants Ray Marrington and Tobias Chittock acted under color of state law. I further instruct you that the acts of defendants Ray Marrington and Tobias Chittock deprived the plaintiff of her rights under the Americans with Disabilities Act and the Fourth Amendment.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## 9.4 SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF (Amended)

In order to prevail on her section 1983 claim against the supervisory defendant, Brookings Police Chief Kelby McCrae, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1) the supervisory defendant acted under color of state law;

2) the acts or failure to act of the supervisory defendant caused his subordinates to deprive the plaintiff of her Americans with Disabilities Act and Fourth Amendment rights;

3) the supervisory defendant directed his subordinates in the acts or failures to act that deprived the plaintiff of these rights;

 *or*

the supervisory defendant set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates, that he knew or reasonably should have known would cause the subordinates to deprive the plaintiff of these rights;

 *or*

(a) the supervisory defendant knew that his subordinates were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deprive the plaintiff of these rights; and

(b) the supervisory defendant failed to act to prevent his subordinates from engaging in such conduct;

*or*

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

(a) the supervisory defendant disregarded the known or obvious consequence that a particular training deficiency or omission would cause his subordinates to violate the plaintiff's constitutional rights; and

(b) that deficiency or omission actually caused his subordinates to deprive the plaintiff of her constitutional rights;

 *or*

the supervisory defendant engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights of others;

*and*

4. The supervisory defendant's conduct was so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that the defendant Brookings Police Chief Kelby McCrae acted under color of state law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under these instructions, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove any one or more of these elements, your verdict should be for defendant Brookings Police Chief Kelby McCrae.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**9.7 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS**

**BASED ON RATIFICATION—ELEMENTS AND BURDEN OF PROOF (Amended)**

In order to prevail on her section 1983 claims against defendants City of Brookings, Brookings Police Department, and Brookings Police Chief Kelby McCrae alleging liability based on ratification by a final policymaker, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendants Ray Marrington and Tobias Chittock acted under color of state law;

2. the acts of the defendants Ray Marrington and Tobias Chittock deprived the plaintiff of her particular rights under the laws of the United States as explained in these instructions;

3. Defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae acted under color of state law;

4. Defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae had final policymaking authority concerning the acts of defendants Ray Marrington and Tobias Chittock; and

5. Defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae ratified defendants Ray Marrington and Tobias Chittock's acts, that is, defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae knew of and specifically made a deliberate choice to approve defendants Ray Marrington and Tobias Chittock's acts and the basis for it.

A defendant acts "under color of state law" when the defendant acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

If you find that the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements she is required to prove under these instructions, your verdict should be for the plaintiff.

If, on the other hand, the plaintiff has failed to prove any one or more of these elements against defendants City of Brookings, Brookings Police Department, or Brookings Police Chief Kelby McCrae, your verdict should be for that specific defendant against whom at least one element has failed to be proved.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**9.8 SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON A POLICY THAT FAILS TO PREVENT VIOLATIONS OF LAW OR A POLICY OF FAILURE TO TRAIN—ELEMENTS AND BURDEN OF PROOF (Amended)**

In order to prevail on her section 1983 claim against defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae alleging liability based on a failure to train its police officers, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the acts of defendants Ray Marrington and Tobias Chittock deprived the plaintiff of her particular rights under the laws of the United States as explained in these instructions;

2. Defendants Ray Marrington and Tobias Chittock acted under color of state law;

3. the training policies of the defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae were not adequate to prevent violations of law by its police officers;

4. the defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae was deliberately indifferent to the substantial risk that its training policies were inadequate to prevent violations of law by its police officers; and

5. the failure of defendants City of Brookings, Brookings Police Department, and/or Brookings Police Chief Kelby McCrae to provide adequate training caused the deprivation of the plaintiff's rights by the defendants Ray Marrington and Tobias Chittock; that is, these defendants' failure to train played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR 97051
Telephone (503) 410-3572
Fax (503) 389-1548

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. I instruct you that defendants Ray Marrington and Tobias Chittock acted under color of state law. I further instruct you that defendants Ray Marrington and Tobias Chittock deprived the plaintiff of her particular rights under the laws of the United States.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

## 9.12 PARTICULAR RIGHTS—FOURTH AMENDMENT—
## UNREASONABLE SEIZURE—GENERALLY (Amended)

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person.  To prove the defendants deprived the plaintiff of this Fourth Amendment right, the plaintiff must prove the following elements by a preponderance of the evidence:

1. Defendants seized plaintiff's person, in that they deprived plaintiff of her freedom to willfully come and go as she pleased;

2. in conducting the seizure, defendants acted intentionally; and

3. the seizure was unreasonable.

I instruct you that the plaintiff has already met her burden of proving that defendants Ray Marrington and Tobias Chittock deprived her of her rights under the Fourth Amendment to the Constitution when they:

1) stopped and detained plaintiff for riding her mobility scooter on a sidewalk, in a crosswalk, and without a helmet;

2) gave an unlawful order by instructing plaintiff that she was not free to drive her mobility scooter home for lack of a safety helmet after already delivering to her a citation for that same alleged offense; and

3) pursued and arrested plaintiff after she disregarded their unlawful order and drove her mobility scooter home.

It is your responsibility to decide whether plaintiff has met her burden of proving that the remaining defendants violated her Fourth Amendment rights.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

### 12.1A ADA ACTIONS—

### ACTUAL DISABILITY—ELEMENTS (Amended)

The plaintiff claims that defendants violated her rights under the Americans with Disabilities Act (ADA).  Under the ADA, a public entity shall permit individuals with mobility disabilities to use wheelchairs and manually-powered mobility aids in any areas open to pedestrian use.  For ADA purposes, a wheelchair means a manually-operated or power-driven device designed primarily for use by an individual with a mobility disability for the main purpose of indoor or both indoor and outdoor locomotion.

To succeed on this claim a plaintiff has the burden of proving the following by a preponderance of the evidence:

1) the plaintiff has a physical or mental impairment;

2) such physical or mental impairment substantially limited one or more major life activities;

3) the defendants' discriminated against her because of her physical or mental impairment; and

4) defendants' discrimination of plaintiff was unlawful by violating one or more of the specific provisions contained within the ADA.

I instruct you that the plaintiff has already met her burden of proving these elements against defendants Ray Marrington and Tobias Chittock.  I instruct you that plaintiff has been found to have a physical impairment that limits one or more of her major life activies, and that defendants Ray Marrington and Tobias Chittock unlawfully discriminated against plaintiff because of her disability when they:

1) stopped and cited plaintiff for operating her mobility scooter in a crosswalk, on a sidewalk, and without a helmet;

2) stated that plaintiff was not allowed to ride her mobility scooter home without a helmet;

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

3) pursued plaintiff to her home with lights and sirens, and called for back-up because she did so; and

4) arresting plaintiff.

It is your responsibility to decide whether plaintiff has met her burden of proving that the remaining defendants violated her rights under the ADA.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

**FALSE ARREST**

The plaintiff claims that she was falsely arrested and imprisoned by defendants. False arrest, sometimes called false imprisonment, is an imposition of unlawful restraint on another's freedom of movement. The elements of false arrest are as follows:

1) The defendant must confine the plaintiff;

2) The defendant must intend to confine the plaintiff;

3) The plaintiff must be aware of the confinement; and

4) The confinement must be unlawful.

I instruct you that the plaintiff has already met her burden of proving these elements against defendants Ray Marrington and Tobias Chittock. I instruct you that defendants Ray Marrington and Tobias Chittock have been found to have committed the tort of false arrest when they:

1) Instructed plaintiff she was not free to leave after she had been issued a citation;

2) Placed plaintiff under arrest; and

3) Imprisoned her.

It is your responsibility to decide whether plaintiff has met her burden of proving that the remaining defendants committed the tort of false arrest.

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548

CERTIFICATE OF SERVICE

I certify that, on the date indicated below, I caused a true copy of the foregoing to be

electronically mailed to:

Thomas F. Armosino
Email:  Armosino@fdfirm.com
Molly R. Silver
Email:  Silver@fdfirm.com
Frohnmayer, Deatherage, Jamieson,
Moore, Armosino & McGovern, P.C.
2592 East Barnett Road
Medford, OR 97504
Phone:  541-772-2333
Fax:  541-779-6379


DATED this 23rd day of December, 2021.


By *s/ Jacob Johnstun*
Jacob Johnstun, OSB #162146
Email:  jjohnstun@johnstuninjurylaw.com
Telephone:  503-410-3572
Facsimile:    503-389-1548

Johnstun Injury Law, LLC
1935 St. Helens St., Suite A
St. Helens, OR  97051
Telephone (503) 410-3572
Fax (503) 389-1548